**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 23, 2019

LETTER TO COUNSEL

RE:     *Rise H. v. Commissioner, Social Security Administration*;[1]
        Civil No. SAG-18-573

Dear Counsel:

On February 26, 2018, Plaintiff Rise H. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 15, 18, 20. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

After a previous denial of benefits, Plaintiff filed her current claims for benefits on December 8, 2015, alleging an onset date of May 29, 2015. Tr. 288-301. Her claims were denied initially and on reconsideration. Tr. 225-30, 236-41. A hearing was held on April 24, 2017, before an Administrative Law Judge ("ALJ"). Tr. 41-89. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 22-33. The Appeals Council declined review, Tr. 1-6, making the ALJ's opinion the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "seizure disorder, degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, rotator cuff syndrome of the right shoulder, depression, and post-traumatic stress disorder." Tr. 25 (internal citations omitted). Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that
> the claimant can lift and/or carry 20 pounds occasionally and 10 pounds

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

frequently, stand and/or walk (with normal breaks) for a total of six hours in an eight-hour workday, sit (with normal breaks) for a total of six hours in an eight-hour workday, can perform occasional overhead reaching with the right upper extremity, can occasionally climb ramps and stairs, can never climb ladders, ropes, and scaffolds, can occasionally perform balancing, stooping, kneeling, crouching, and crawling, must avoid moderate exposure to dangerous machinery and unprotected heights, is limited to simple work-related decisions, and can manage changes in the work settings occasionally.

Tr. 27. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work, but could perform other jobs existing in the national economy, specifically the positions of cashier, office helper, and ticket taker. Tr. 31-32. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 32.

Plaintiff makes several arguments on appeal: (1) that the ALJ erred by failing to resolve an apparent conflict between the VE testimony and the Dictionary of Occupational Titles ("DOT"); (2) that the ALJ's RFC assessment runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (3) that the ALJ inadequately assessed Listing 1.04. I agree that the ALJ's analysis did not comply with *Mascio* or *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015)*,* and I therefore grant remand under sentence four.

Beginning with the successful arguments, Plaintiff contends that the ALJ failed to resolve the apparent conflict between the VE's testimony and the DOT as required by the Fourth Circuit's ruling in *Pearson*, 810 F.3d 204. In *Pearson*, the Fourth Circuit held that an ALJ has a duty, independent of the VE, to identify any "apparent conflicts" between the VE's testimony and the DOT and to resolve any such conflicts. *Pearson*, 810 F.3d at 208-10. The Fourth Circuit noted that the ALJ's duty to identify and resolve conflicts with the DOT extends beyond simply asking the VE whether his testimony is consistent with the DOT. *Id.* The Fourth Circuit limited the ALJ's duty to identifying "apparent" conflicts, which it held to mean "that the ALJ must identify where the expert's testimony seems to, but does not necessarily, conflict with the [DOT]. For the Ruling [SSR 00-4p] explains that '[i]f the [VE]'s ... evidence *appears to conflict* with the [DOT], the adjudicator will obtain a reasonable explanation for the *apparent* conflict.'" *Id.* at 209 (quoting SSR 00-04p, 2000 WL 1898704 (S.S.A. Dec. 4, 2000)) (emphasis in original). In *Pearson*, the apparent conflict at issue involved the degree of reaching required for jobs identified by the VE. *Id.* at 210-11. According to the DOT, the jobs required frequent reaching, in no specific direction, while the claimant was limited to occasional overhead reaching with one arm. *Id.* Thus, the Fourth Circuit found that the ALJ erred by failing to identify and resolve the apparent conflict between the VE's testimony that the claimant could perform the jobs and the job requirements provided by the DOT. *Id.*

The instant case is nearly identical to *Pearson.* The ALJ determined that Plaintiff was limited to "occasional overhead reaching with the right upper extremity." Tr. 27. At the hearing, the ALJ asked the VE whether there were jobs in the national economy for an individual with Plaintiff's limitations. Tr. 82-83. In response, the VE testified that such an individual could

perform the jobs of "cashier," "office helper," and "ticket taker." Tr. 83. The VE also testified that there was no conflict between her testimony and the DOT. *Id.* In reliance on the VE's testimony, the ALJ concluded that Plaintiff could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. Tr. 32. However, under the DOT, all three positions identified by the VE require frequent reaching. U.S. Dep't of Labor, *Dictionary of Occupational Titles* §§ 211.462-010, 239.567-010, 344.667-010 (4th ed. 1991). The DOT defines "reaching" as "[e]xtending hand(s) and arm(s) in *any* direction." U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, App. C (emphasis added). Thus, the ALJ failed to identify an apparent conflict between the VE's testimony that Plaintiff could perform jobs available in sufficient numbers in the national economy, and the requirements of those jobs under the DOT. "Although the [DOT] does not expressly state that the occupations identified by the [VE] require frequent bilateral overhead reaching, the [DOT's] broad definition of 'reaching' means that they certainly *may* require such reaching. Comparing the [DOT] definition to Pearson's limitations, the [VE's] testimony that [she] could fulfill the requirements of these occupations *apparently* conflicts with the [DOT]." *Pearson*, 810 F.3d at 211 (emphasis in original). In this case, as in *Pearson*, "this is exactly the sort of inconsistency the ALJ should have resolved with the expert's help." *Id.* (quoting *Prochaska v. Barnhart*, 454 F.3d 731, 736 (7th Cir. 2006)). Indeed, "it is the purview of the ALJ to elicit an explanation from the expert as to whether these occupations do, in fact, require frequent bilateral overhead reaching." *Id.* Accordingly, in light of this inadequacy, I must remand the case to the SSA for further analysis. On remand, the ALJ should determine what form of reaching the VE's stated occupations require, and whether Plaintiff can fulfill those requirements given her limitations.

Additionally, in *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 637-38. At step three of the sequential evaluation, the SSA determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017). Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2017). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* §§ 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The SSA employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(b), (c)(2), 416.920a(b), (c)(2) (2017). The SSA uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4), 416.920a(c)(4). A moderate limitation signifies that the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F)(2)(c) (2017).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

At step three in the instant case, the ALJ found that Plaintiff had moderate limitations maintaining concentration, persistence, or pace. Tr. 26. The entirety of the ALJ's analysis stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has moderate limitations. At the psychiatric consultative examination, the claimant was able to recall three out of three objects immediately but only two in five minutes.

*Id.* (internal citations omitted).

The remainder of the ALJ's RFC assessment contains a somewhat minimal discussion of Plaintiff's mental health impairment. Tr. 29, 30. Other than acknowledging that one examining doctor said that Plaintiff "had periods of high function but could not sustain her effort," Tr. 30, the ALJ had no specific discussion of Plaintiff's ability to persist or to sustain tasks. Though the SSA contends that the limitation to "changes in the work settings occasionally" would pertain to concentration, persistence, or pace, that restriction falls squarely in the category of ability to "adapt or manage oneself." *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(E)(4) (2017).

Without an explanation, I am unable to understand the precise nature of the moderate limitation found by the ALJ, and unable to determine whether the RFC assessment had to incorporate specific conditions to accommodate the limitation. The restriction to "simple work-related decisions," Tr. 27, is directly analogous to the language deemed insufficient in *Mascio,* and addresses only Plaintiff's inability to make complex decisions, not the ability to sustain either simple or complex work over a full eight-hour workday. I am therefore unable to ascertain whether the RFC assessment would permit a person with Plaintiff's limitations to maintain a competitive pace, with only normal breaks. In light of these inadequacies, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

Finally, because the case is being remanded on other grounds, I need not address Plaintiff's listing argument. On remand, the ALJ can consider whether any additional explanation is required to evaluate Listing 1.04.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, ECF 15, is DENIED, and Defendant's Motion for Summary Judgment, ECF 18, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge